## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

VINCE RUSSO and
ROSE RUSSO,

     Plaintiffs,

v.                                                            Case No. 2:21-cv-893-SPC-DAB

KNAUF GIPS KG, KNAUF
PLASTERBOARD TIANJIN CO.
LTD. and KNAUF NEW BUILDING
SYSTEM (TIANJIN) CO. LTD.,

     Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT ISSUES PARTICULAR TO THIS CASE

This matter is before the Court on the report and recommendation of Judge David A. Baker, entered on October 19, 2022 (the "Report"). (Doc. 52). Judge Baker recommends granting "Defendants' Motion for Summary Judgment on Issues Particular to This Case and Incorporated Memorandum of Law" (Doc. 43) based on the statute of limitation, while rejecting Defendants' other arguments.

## Background

This is one of twenty-five related cases filed against the Knauf Defendants asserting claims under various legal theories for damages from defective drywall manufactured by the Knauf Defendants and placed in the stream of commerce. Specifically, Plaintiffs alleged that components of the drywall installed in their

homes reacted or broke down and released harmful sulfur compounds and other gases.

Plaintiffs' claims were previously pending in a multidistrict litigation in the Eastern District of Louisiana (MDL 09-2047), presided over by District Judge Eldon E. Fallon.  Following Judge Fallon's suggestion of remand and further proceedings, these twenty-five unresolved cases were transferred to this district, severed, and filed as separate actions.  The cases were uniformly assigned to Judge Baker for pretrial matters, including orders or reports and recommendations as appropriate.

The Knauf Defendants filed one motion for summary judgment in each of these cases addressing common issues, and one motion in each case addressing issues specific to the particular case.  **The Report at issue here addresses two issues relating to this particular case: (1) whether Plaintiffs' claims are barred by the applicable statute of limitation, and (2) whether Plaintiffs' claims are barred by a "subsequent purchaser" rule.**  The Report recommends that the Court grant the motion for summary judgment based on the statute of limitation but rejects the Knauf Defendants' arguments relating to the "subsequent purchaser" issue.  The Knauf Defendants filed an objection to the Report on November 2, 2022.  (Doc. 54).  Plaintiffs also filed an objection to the Report on November 2, 2022.  (Doc. 57).

With consent, review of the Report and consideration of any objections was assigned to the undersigned.  The case remains under the authority of its assigned district judge in all other respects.

## Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982).  A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made."  28 U.S.C. § 636(b)(1)(C).  When no objection is filed, a court reviews the report and recommendation for clear error.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

## Analysis

After careful consideration of the record, including Judge Baker's Report, the Court adopts the Report as to both issues.

### *Statute of Limitation*

Plaintiffs' home in Fort Myers, Florida, was constructed in 2006, and they purchased the home in 2010.  In November or December 2011, they started noticing a sulfur-like smell, experiencing headaches, and observing pitting or blackening of copper piping.  Plaintiffs discussed the issue with neighbors in the same time frame and learned about the defective Chinese drywall in their community.  They suspected they had Chinese drywall in their home and confirmed that was the case in March 2012.  Yet, Plaintiffs did not file suit until June 2016.

The applicable statute of limitation requires that suit be filed within four years from the time the defect is discovered or should have been discovered by the exercise of due diligence. § 95.11(3)(c), *F.S.* Discovery does not require legal certainty or that plaintiffs know the full extent of the injury; they need only be on notice, through the exercise of reasonable diligence, of the possible invasion of their legal rights. *E.g., Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1323 (11th Cir. 2017). As Judge Baker notes, Plaintiffs' summary judgment response does not contest the facts just set forth or show why Plaintiffs were not on notice of the possible invasion of their legal rights more than four years before they filed suit.

Instead, Plaintiffs argue that the running of the limitation period was tolled, or the Knauf Defendants are equitably estopped to assert the statute of limitation, because they concealed the alleged defect, violated a post-sale duty to warn consumers of the defect, and failed to notify the Consumer Product Safety Commission of the defect. Judge Baker rejected these arguments, noting Judge Fallon's conclusion in the MDL proceedings that no post-sale duty to warn exists under the circumstances of this case. Judge Baker further reasoned that Plaintiffs had failed to show how the regulatory issue would give rise to fraudulent concealment.

The Court agrees with Judge Baker's findings and conclusions. Fraudulent concealment tolls the running of the limitation period only if it successfully conceals the cause of action from the plaintiff despite the plaintiff's reasonable diligence. *See, e.g., Berisford v. Jack Eckerd Corp.*, 667 So. 2d 809, 811-12 (Fla. 4th DCA

1995); *Burr v. Philip Morris USA Inc.*, No. 8:07-cv-01429-MSS-EAJ, 2012 WL
5290164, at *3 (M.D. Fla. Sept. 28, 2012), *aff'd,* 559 F. App'x 961 (11th Cir. 2014).
Equitable estoppel arises where a defendant has "induced the plaintiff to forbear
bringing suit within the applicable limitation period." *Zainulabeddin v. Univ. of S.
Florida Bd. of Trustees*, 749 F. App'x 776, 786 (11th Cir. 2018) (citing *Major League
Baseball v. Morsani*, 790 So. 2d 1071, 1078-79 (Fla. 2001)).  Neither doctrine applies
here.  Plaintiffs in late 2011, or by March 2012 at the latest, had knowledge
sufficient to discover their cause of action had they exercised reasonable diligence,
so the effect of any concealment ended, and the limitation period began to run, at
that time.  Plaintiffs point to no evidence the Knauf Defendants thereafter induced
them to forbear filing suit within the limitation period.

Plaintiffs' objection to the Report argues that the running of the statute of
limitation was tolled under *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974),
based on the pendency of a class action in the MDL, in which Judge Fallon certified
a settlement class in 2013.  Plaintiffs did not raise this issue in their summary
judgment response.  As such, it was not considered by Judge Baker and the Court
declines to consider it now.  *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir.
2009) (holding that a district judge has the discretion to decline to consider an
argument raised for the first time in an objection).  However, if the Court were to
consider the issue, it would hold, for the reasons discussed in *Anderson v. Mosaic
Fertilizer LLC*, No. 8:19-cv-1225-MSS-AEP, 2021 WL 4762421, at *1 (M.D. Fla.

Sept. 7, 2021), that class action tolling under *American Pipe* has no application to this diversity case.

***"Subsequent Purchaser"***

The Knauf Defendants also moved for summary judgment, arguing that Florida's "subsequent purchaser rule" barred claims for injury to property by persons who purchased the property after the damage was done, absent an assignment from the original purchaser.  The motion did not address the timing or nature of the alleged injuries, the specific legal theories asserted, or whether this rule might apply to some of Plaintiffs' claims but not to others.

Judge Baker concluded that the broad and absolute rule as stated by the Knauf Defendants did not reflect Florida law, which allows subsequent purchasers "to assert claims in a number of contexts."  (Doc. 52 at 11) (quoting *Karpel v. Knauf Gips KG*, No. 21-24168-Civ-Scola, 2022 WL 4366946, at *2 (S.D. Fla. Sept. 21, 2022)).  Judge Baker declined to analyze the issue in more detail on a count-by-count basis because the Knauf Defendants had not provided any analysis or authority for such an approach.

The Court agrees with Judge Baker's findings and conclusions.  Judge Baker properly rejected the overly broad "subsequent purchaser" rule argued in the Knauf Defendants' motion for summary judgment.  The Knauf Defendants' objection to the Report retreats from advocating a broad-based rule, arguing instead only that

Plaintiffs' claim for breach of implied warranty fails under a different legal principle from the "subsequent purchaser" rule posited in their motion. Judge Baker properly declined to undertake a count-by-count analysis not argued in the summary judgment motion, and the undersigned similarly declines to consider an argument presented for the first time in the Knauf Defendants' objection. *See Williams*, 557 F.3d at 1291.

Therefore, the Court adopts the Report, and grants the summary judgment motion on statute of limitation grounds but rejects the Knauf Defendants' arguments based on a "subsequent purchaser rule."

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The report and recommendation (Doc. 52) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. "Defendants' Motion for Summary Judgment on Issues Particular to This Case and Incorporated Memorandum of Law" (Doc. 43) is **GRANTED**.

3. The Clerk is directed to enter a final judgment in favor of Defendants Knauf Gips KG, Knauf Plasterboard Tianjin Co. Ltd., and Knauf New Building System (Tianjin) Co. Ltd., and against Plaintiffs Vince Russo and Rose Russo.

4. Following entry of judgment, the Clerk is directed to terminate any

pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this 3d

day of February, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**